Porter, J.
It has been repeatedly decided, that this court could not examine the proceedings of inferior tribunals, unless those proceedings were brought before us in the *670 manner prescribed by law, 3 Martin,201,221,505. 5 Id. 91. 9 Id. 703.
The act of 1813, to organise the supreme and inferior courts of this state, 1 Martin's Dig, 442, declares : “ that there shall be no reversal for any error in fact, unless it be on a special verdict, rendered in the district court, or on a statement of the foots agreed on by the parties, or their counsel, or fixed by the said court if they disagree, which statement may be made at any time before judgment.”
The statute of 1817, on the practice of our courts, provided two other modes for bringing up causes; the certificate of the judge, when the matters consisted of written documents ; and the recording of the verbal evidence by the clerk.
This case does not come before us in the manner directed by either of these laws. There is nothing but a certificate of the clerk, that he has furnished a true transcript of the record in the case of Moulon vs. John Brandt & Co., and this may be very true, and yet the record not contain all the matters on which the cause was tried in the first instance.
This appeal should be therefore dismissed with costs.
Cuvillier for the plaintiff, Livermore for the defendants.
Martin, J.
I am of the same opinion.
Mathews, J.
I think so likewise.
It is therefore ordered, adjudged and decreed, that the append he dismissed.